Hayes *v.* Stiger.

## John Hayes

*v.*

## John S. Stiger and others.

1. This court has power to set aside a sale, made under its authority, for fraud, accident, or mistake of fact, when the mistake is not the result of the purchaser's own negligence.

2. But this power will not be exercised for mistake of law.

3. In the absence of fraud, the negligence of counsel is the negligence of the client.

4. A purchaser at a judicial sale who abstains from all effort to get correct information, and deliberately assumes the hazard of making a purchase ignorantly, must, as a general rule, bear the consequences of his negligence.

5. While the court may exercise greater power over contracts made with itself than it can over any other class of contracts, still it cannot rescind them arbitrarily and without sufficient cause.

On petition of purchaser to be relieved from his bid at a sale made under a decree for sale of mortgaged premises.

*Mr. George C. Ludlow*, for petitioner.

*Mr. John Linn, contra.*

The Vice-Chancellor.

The petitioner, William A. Sweeney, seeks to be relieved from his contract to purchase certain mortgaged premises, sold pursuant to a decree of this court, on the ground that he entered into it under a misapprehension. He says he made the purchase under the belief that the proceedings in foreclosure were full and perfect, and that the title he would acquire under them would be valid against all persons acquiring rights subsequent to the mortgage on which the decree of sale was founded, but that he has since discovered he was mistaken in both particulars. It is admitted that

the wife of the owner of the equity of redemption of one moiety of the mortgage premises was not made a party to the foreclosure suit, and that, if the petitioner is held to his contract, his title will be burdened with her inchoate right of dower.

The petitioner was represented at the sale by a member of the New York bar. The sale was fairly and regularly conducted, and no imputation is made against the officer who made it, nor against any other person. If the petitioner acted under a mistake, he alone was responsible for it. He neither sought information by examination nor inquiry. His misapprehension was entirely the result of his own carelessness and inattention to his interests.

The power of this court to set aside a sale made under its authority, and thus relieve the purchaser from his bid, is unquestionable, but its exercise, like all other judicial action, must always rest upon some consideration of justice. Fraud will always justify its exercise. *Cummins* v. *Little*, 1 *C. E. Gr.* 48. It may be exercised in case of accident. *Seaman* v. *Riggins*, 1 *Gr. Ch.* 214. So, also, where surprise or misapprehension is occasioned by the conduct of the purchaser, or the officer making the sale, to the injury of a person interested, the court will interfere. *Woodward* v. *Bullock*, 12 *C. E. Gr.* 507; and in *Campbell* v. *Gardner*, 3 *Stock.* 423, Chancellor Williamson set aside a sale because it appeared that the defendant, who was an aged female, had been misled, by her brother, as to the contents of a subpœna served upon her. But this power will not be exercised in behalf of a suitor who seeks to escape from the consequences of his own act induced by mistake of law, (*Wakeman* v. *Duchess of Rutland*, 3 *Ves.* 233; *Dillett* v. *Kemble*, 10 *C. E. Gr.* 66; *Mott* v. *Shreve*, *Ib.* 428;)—*ignorantia juris non excusat*—nor will the court exert it in favor of a purchaser who seeks to escape from a contract on the ground of misapprehension or mistake of fact, when it appears his error resulted entirely from his own negligence, and that he would have avoided it by the use of ordinary prudence. *Parkhurst*

v. *Cory*, 3 *Stock.* 233 ; *Campbell* v. *Gardner, supra ; Smith* v. *Duncan*, 1 *C. E. Gr.* 240 ; *Haggerty* v. *McCanna*, 10 *C. E. Gr.* 48. In the absence of fraud, the negligence of counsel will be esteemed the fault of the client. *Wakeman* v. *Duchess of Rutland, Dillett* v. *Kemble, Mott* v. *Shreve, supra.* The legal effect of a decree of this court directing land to be sold, and the character and extent of the title to be acquired by virtue of it, are purely matters of law. A purchaser at a judicial sale who voluntarily abstains from all effort to get correct information, and deliberately assumes the hazard of making a purchase ignorantly, must, as a general rule, bear the consequences of his own negligence. *Cool's ex'rs* v. *Higgins*, 8 *C. E. Gr.* 308; *S. C.*, 10 *C. E. Gr.* 117. It would be difficult to imagine a case of grosser negligence than that admitted by the petitioner.

No attempt has been made to show that the title the petitioner will get, if his contract is enforced, is worth less than the sum he agreed to pay; it cannot, therefore, be assumed that he will be required to pay more than the title he will acquire is worth. As the case stands, the highest equity he can claim is, that he has not made as good a bargain as he expected to make. This can hardly be esteemed an equity sufficient to justify the abrogation of a contract. While contracts of this description are, very properly, said to be made with the court, and therefore the court may exercise a greater power over them than it can over any other class of contracts (*McCahill* v. *Equitable Life Assurance Society*, 11 *C. E. Gr.* 531), still, it cannot rescind them, without an equitable or legal reason sufficient to justify its action. In my judgment the case made by the petitioner does not entitle him to the relief he asks. His petition, therefore, must be dismissed, with costs.